S. R. MOORE v. THE MUTUAL BUILDING AND LOAN ASSOCIATION.

(Filed 30 November, 1932.)

**Usury A a: Building and Loan Associations C d—Fine imposed for delinquency in paying for stock is not charge of interest on loan.**

A borrowing stockholder in a building and loan association sustains a dual relation to the association, and where the association charges him certain fines authorized by its by-laws for the failure of the stockholder to pay his installments on his stock when due, such fines cannot be alleged as interest paid on the loan from the corporation, and where the amount of interest paid on the loan is not greater than six per centum, not counting the fines paid as a stockholder, the borrowing stockholder is not entitled to recover for usury against the association, the by-laws imposing the fine being expressly authorized by valid statute, C. S., 5178; C. S., 2306.

APPEAL by plaintiff from *Finley, J.,* at May Term, 1932, of MECK-LENBURG. Affirmed.

This is an action to recover the statutory penalty for usury. C. S., 2306.

The action was tried on defendant's demurrer to the complaint on the ground that the facts stated therein are not sufficient to constitute a cause of action.

The facts alleged in the complaint, and appearing from the exhibits attached thereto, are as follows:

1. On 22 March, 1930, the plaintiff was a stockholder of the defendant, Building and Loan Association, and as such stockholder had undertaken to make weekly payments to the defendant of a stipulated amount for the purpose of maturing his stock in accordance with the by-laws of the defendant. It was provided in said by-laws that upon default by a stockholder in the payment of the amount which he had undertaken to pay to defendant weekly for the purpose of maturing his stock, the defendant should impose upon and collect from such defaulting stockholder a fine. From time to time, while he was a stockholder of the defendant, the plaintiff failed to pay the amount which he had undertaken to pay weekly, and which was required by the by-laws of the defendant for the purpose of maturing his stock. By reason of such defaults, and as authorized by its by-laws, the defendant imposed upon and collected from the plaintiff fines aggregating in amount the sum of $10.26.

2. On 22 March, 1930, the plaintiff borrowed from the defendant the sum of $1,800, and agreed to pay the interest on said sum at the rate of six per centum per annum in equal weekly installments. It was agreed in accordance with the by-laws of the defendant, that the weekly installment of interest should be added to the amount which plaintiff had undertaken to pay to defendant weekly for the purpose of maturing his stock. The indebtedness of plaintiff to defendant by reason of the loan was secured by a deed of trust executed by the plaintiff, and also by an assignment of the certificates for the shares of stock in defendant, Building and Loan Association, owned by the plaintiff. Plaintiff has paid to defendant as interest on the loan at the rate of six per centum per annum the sum of $133.12.

3. The land conveyed by the deed of trust executed by the plaintiff to secure his indebtedness to the defendants was sold on 21 December, 1931, under the power of sale contained in a mortgage executed by plaintiff on 24 March, 1930, and registered subsequent to the registration of the deed of trust. The purchaser at this sale has assumed plaintiff's indebtedness to defendant for the balance due on the loan of $1,800. With the consent of plaintiff, his stock in the defendant has been transferred and assigned to said purchaser. As the result of these transac-

tions, plaintiff's indebtedness to defendant by reason of the loan has been paid and plaintiff is not now a stockholder of the defendant, Building and Loan Association.

From judgment sustaining the demurrer and dismissing the action, plaintiff appealed to the Supreme Court.

*William Milton Hood for plaintiff.*
*H. L. Taylor, Chase Brenizer and J. M. Shannonhouse for defendant.*

CONNOR, J. Plaintiff contends that on the facts alleged in the complaint and admitted by the demurrer he is entitled to recover of the defendant the sum of $287.76, this sum being twice the amount of interest charged by the defendant and paid by the plaintiff on the loan of money made by the defendant to the plaintiff, to wit: $143.38. It appears, however, from the complaint that the defendant charged and the plaintiff paid only the sum of $133.12, as interest on the loan, and that this sum is the interest on the loan at the rate of six per centum per annum, from the date of the loan to its payment; and that the sum of $10.26 was charged by defendant and paid by plaintiff as fines for the defaults of plaintiff in the payment of the amounts which he had undertaken to pay weekly, and which were required to mature his stock, in accordance with the by-laws of the defendant.

The plaintiff during the time of the transactions alleged in the complaint sustained a dual relation to the defendant. He was both a stockholder and a borrower of the defendant. *Rendleman v. Stoessel,* 195 N. C., 640, 143 S. E., 219. He was charged and paid the fines aggregating the sum of $10.26, as a stockholder, while he paid the interest, to wit, $133.12, as a borrower. Only the latter sum was paid as interest, and as this sum did not exceed the interest on the loan at the rate of six per centum per annum, the defendant did not charge, and the plaintiff did not pay usury. Plaintiff is not entitled, therefore, to recover the statutory penalty for usury in this action, and there was no error in the judgment sustaining the demurrer and dismissing the action.

The fines collected by the defendant from the plaintiff were authorized by the by-laws of the defendant. These by-laws were expressly authorized by statute. C. S., 5178. This is a valid statute, and was enacted by the General Assembly, doubtless in consequence of decisions of this Court rendered prior to its enactment. The judgment is

Affirmed.